UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

vs.

POLLO OPERATIONS, INC.
d/b/a Pollo Tropical #10009, and
LAJAMIN, LLC

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Pollo Operations Inc. a/k/a Pollo Tropical doing business as Pollo Tropical #10009 and Defendant LaJamin, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendants are authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

### PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Pollo Operations Inc. (also referenced as "Defendant Pollo," "tenant," "operator," lessee" or "co-Defendant") is a is a Florida corporation authorized to transact business in Florida

6.     Defendant Lajamin, LLC (also referenced as "Defendant Lajamin," "Lessor," "Owner," or "co-Defendant") is the owner of Folio 01-4116-078-0020, real property located at 2710 S Dixie Highway, Miami Florida 33133 (referenced throughout as "2710 S Dixie Highway"). Defendant Lajamin's real property is commercial property built-out a fast food restaurant.

### FACTS

7.     Defendant Lajamin leases its 2710 S Dixie Highway real property to co-Defendant Pollo (the lessee). The lessee in turn operates its Pollo Tropical #10009 restaurant within that leased space.

8.     At all times material hereto, Defendant Pollo has been leasing commercial space within Defendant Lajamin's real property and has been utilizing that commercial space for the operation of its Pollo Tropical #10009 restaurant.

9.     The Pollo Tropical #10009 restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Pollo Tropical #10009 restaurant which is the subject to this action is also referred to as "Pollo Tropical #10009 (restaurant)," "restaurant" or "place of public accommodation."

10.    Defendant Pollo is the owner of 140 Pollo Tropical brand restaurants operating throughout Florida, five licensed Pollo Tropical restaurants on college campuses and 32 franchised Pollo Tropical locations throughout the Caribbean, Central America, South America and Puerto Rico.

11.    As the operator of a chain of restaurants open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12.    As the owner of real estate which is built out as a restaurant open to the general public, Defendant Lajamin is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13.    Due to the close proximity of the Pollo Tropical #10009 restaurant to Plaintiff's home, on February 22, 2021 Plaintiff went to the restaurant with the intent of purchasing a chicken meal in the dining area located therein.

14.    When Plaintiff purchased his chicken meal, he unhappily noted that the restaurant did not have a specified area reserved for wheelchair bound patrons within the available dining facilities.  Further, when Plaintiff went to the restroom, he encountered

bathroom doors which represent an insurmountable barrier to independent entry to the bathroom by the Plaintiff and other individuals who use wheelchairs.

15.     While Plaintiff had purchased and ate a chicken meal at the Pollo Tropical #10009 restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16.     Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Pollo Tropical #10009 restaurant.

17.     On information and belief, Defendant Pollo is well aware of the need to provide equal access to individuals with disabilities as it is a corporation which operates over 140 Pollo Tropical brand restaurants. Defendant Pollo's failure to reasonably accommodate individuals with disabilities at its Pollo Tropical #10009 restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

18.     On information and belief, as an investor in commercial property, Defendant Lajamin is aware of the ADA and the need to provide for equal access within its 2710 S Dixie Highway commercial property (which includes the parking lot). Therefore, Defendant Lajamin's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19.     Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Pollo) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Lajamin).

20.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an

injury-in-fact.

21.     Plaintiff is and has been a customer of Pollo Tropical restaurants and continues to desire to return to Defendant Pollo's Pollo Tropical #10009 restaurant to purchase food and drink/eat in the dining area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

22.     Any and all requisite notice has been provided.

23.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

25.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

order to address the major areas of discrimination faced on a daily
by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26.     Prior to the filing of this lawsuit, Plaintiff personally visited the Pollo Tropical
#10009 restaurant in order to purchase and eat a meal in the dining area provided therein,
however Plaintiff was denied adequate accommodation because, as a disabled individual
who utilizes a wheelchair for mobility, he met architectural barriers when entering the
restaurant, when utilizing the restroom, and when attempting to sit at the dining area to eat
his meal. Therefore, Plaintiff has suffered an injury in fact.

27.     Defendant Pollo (lessee/operator of the Pollo Tropical #10009 restaurant) and
Defendant Lajamin (owner/lessor of the commercial property) have discriminated (and
continue to discriminate) against Plaintiff by denying full and equal access to, and full and
equal enjoyment of, goods, services, facilities, privileges, advantages and/or
accommodations at the Pollo Tropical #10009 restaurant, in derogation of 42 U.S.C. §12101
*et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access
pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28.     Plaintiff has been unable to, and continues to be unable to, enjoy full and
equal safe access to, and the benefits of, the accommodations and services offered at the
Pollo Tropical #10009 restaurant.

29.     Defendants are jointly and singularly governed by the ADA and must be in
compliance therewith. Defendants have jointly and severally discriminated against disabled
patrons in derogation of 28 C.F.R. Part 36.

30.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as
amended), the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31.     The commercial space which is owned by Defendant Lajamin (owner/lessor) houses the Pollo Tropical #10009 restaurant which is operated by Defendant Pollo (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia,* the following specific violations:

32.     As to all Defendants, the plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

33.     As to all Defendants, the plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (outside the stall). Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

34.     As to all Defendants, the plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

35.     The exterior seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

36.     More access barrier violations may be present, which will be determined and proven through the discovery process.

37.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Pollo Tropical #10009 restaurant commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

38.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant LaJamin, LLC (owner of the commercial property housing the Pollo Tropical #10009 restaurant) and Defendant Pollo Operations Inc. (the lessee and operator of Pollo Tropical #10009) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the commercial property and the Pollo Tropical #10009 restaurant such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorneys' fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 12th day of April 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*